**UNITED STATES of America,**
**Appellee,**

v.

**Gary Anthony MARSHALL,**
**Defendant–Appellant.**

**No. 05–4207–cr.**

United States Court of Appeals,
Second Circuit.

June 21, 2006.

Darrell B. Fields, Federal Defenders, Bureau of New York, Inc. Appeals Bureau, New York, New York, for Appellant.

William J. Stellmach, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellee.

PRESENT: Honorable JOSEPH M. McLAUGHLIN, Honorable REENA RAGGI, Circuit Judges, Honorable PAUL A. CROTTY, District Judge.[1]

### SUMMARY ORDER

Defendant Gary Anthony Marshall, who was convicted, based on a guilty plea, of illegal re-entry into the United States after deportation, *see* 8 U.S.C. § 1326(a), (b)(2), appeals from that part of his judgment of conviction sentencing him to 60 months' imprisonment. Marshall argues that his sentence is unreasonable because the district court failed (1) to award him a Sentencing Guidelines departure based on 2½ months spent in immigration custody before his illegal re-entry arrest, or (2) to consider that prior custody pursuant to 18 U.S.C. § 3553(a). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We "review sentences, whether Guidelines sentences or non-Guidelines sentences, for reasonableness." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). Reasonableness review has two

---

1. The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

components: procedural and substantive. *See United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005); *accord United States v. Fernandez*, 443 F.3d at 26. Only the former is at issue on this appeal.

### 1. *Guidelines Departure*

While a district court's identification of the Sentencing Guidelines range applicable to a particular case is relevant to a determination of procedural reasonableness, *see United States v. Crosby*, 397 F.3d at 114–15, we will not review a district court's denial of a departure, within the Guidelines scheme, unless the "sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). In making this determination, we apply a "strong presumption" that a district judge understands the circumstances under which he may exercise his discretion to depart downward from the Guidelines. *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996). "This presumption is overcome only in the rare situation where the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *Id.* This is not one of those rare situations.

■ The district court plainly understood its authority to grant a Guidelines departure for time already spent in other custody where the government had unreasonably delayed charging the defendant in the pending case. *See United States v. Montez–Gaviria*, 163 F.3d 697, 702 (2d Cir.1998) (recognizing such ground for departure); *see also United States v. Los Santos*, 283 F.3d 422, 428 (2d Cir.2002); *United States v. Garcia–Hernandez*, 237 F.3d 105, 107 n. 1 (2d Cir.2000). Indeed, the district court explicitly noted that it had "departed on several occasions from the [G]uidelines on the ground that the

government left somebody sort of sitting in state custody or some custody for a while without prosecuting them and deprived them of the opportunity to get a concurrent sentence or get credit for whatever time they were spending in some other custody." Sentencing Tr. at 13. It was because the district court found no such "advertent abuse" or other unusual circumstances in this case that it declined to grant a Guidelines departure. In such circumstances, we do not review the district court's exercise of departure discretion in the imposition of an otherwise reasonable sentence.

### 2. *Section 3553(a) Review*

A district court's consideration of the sentencing factors outlined in § 3553(a) is also relevant to a determination of procedural reasonableness. *See United States v. Crosby*, 397 F.3d at 114–15. In general, absent "record evidence suggesting otherwise," this court will "presume ... that a sentencing judge has faithfully discharged [his] duty to consider the sentencing factors" stated in § 3553(a). *United States v. Fernandez*, 443 F.3d at 30. Notably, "we will not conclude that a district judge shirked" his § 3553(a) obligations simply because he did not discuss each factor "individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *Id.*; *see United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005).

■ Applying these principles to this case, we reject Marshall's contention that the district court erred in failing to consider or give him credit under § 3553(a) for time spent in immigration custody. The record makes plain that the district court conducted a careful review of all factors relevant to Marshall's sentencing, specifically noting the Guidelines' role in ensuring against unwarranted sentencing disparity, the troubling fact of Marshall's

extensive criminal record, and the "human dimensions" underlying illegal re-entry cases. Sentencing Tr. at 9. On such a record, we have no reason to assume that the able district judge confined his consideration of Marshall's prior immigration confinement to the question of Guidelines departure, ignoring the fact in its § 3553(a) assessment of an appropriate sentence. The precise weight he accorded that, or any other relevant factor, rests within his discretion, and we will not second-guess that determination in reviewing an otherwise reasonable sentence. *See United States v. Florez,* 447 F.3d 145, 157–58 (2d Cir.2006).

Because we reject Marshall's sentencing challenge as without merit, the district court's April 6, 2005 judgment of conviction is hereby AFFIRMED.